# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**JUSTINE RAMIREZ, Individually and Special Administratrix of the estate of Kathleen A. Ramirez,**

    **Plaintiff,**

    v.                                                  Case No. 06-C-322

**POTAWATOMI BINGO CASINO,**
**UNUM LIFE INSURANCE COMPANY OF AMERICA and**
**STANDARD INSURANCE COMPANY,**

    **Defendants.**

## DECISION AND ORDER

### I. BACKGROUND

Plaintiff Justine Ramirez, the daughter of Kathleen Ramirez, a deceased former employee of defendant Forest County Potawatomi Community, doing business as Potawatomi Bingo Casino ("Potawatomi"), alleges that her mother participated in several employee benefit plans established by Potawatomi and designated her as the beneficiary. Plaintiff further alleges that defendant UNUM Life Insurance Company of America ("UNUM") underwrote two of the plans, and defendant Standard Insurance Company ("Standard") underwrote one. Plaintiff brought this action in state court on her own behalf and as the special administratrix of her mother's estate, alleging that defendants violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and asserting state law claims of negligence and breach of contract. Plaintiff seeks benefits and other equitable relief. UNUM removed the case based on federal question and diversity grounds. Although it appears that the other defendants failed to join UNUM in removing as required by § 1446(b), plaintiff did not object and thus waived her right to do so. Gossmeyer v. McDonald, 128 F.3d

481, 489 (7th Cir. 1997) (stating that defects in removal procedure are waived if not made within thirty days of removal). Before me now are defendant Potawatomi's motions to dismiss plaintiff's amended complaint.

## II. DISCUSSION

Potawatomi first argues that it is a federally recognized Indian Tribe, entitled to sovereign immunity, and that this court therefore lacks subject matter jurisdiction over the present action. I address a motion to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The Seventh Circuit has rejected the argument that as a result of Tribal sovereignty, ERISA does not apply to Tribal employers and Indians. Smart v. State Farm Ins. Co., 868 F.2d 929, 936 (7th Cir. 1989). Potawatomi, however, argues that Reich v. Great Lakes Indian Fish & Wildlife Commission, 4 F.3d 490 (7th Cir. 1993), effectively reversed Smart. I disagree. In Reich, the Seventh Circuit acknowledged that ERISA governed benefit plans established by Indian tribes, which covered employees "engaged in routine activities of a commercial or service character." Id. at 495; see also Lumber Indus. Pension Fund v. Warm Springs Forest Prods. Indus., 939 F.2d 683, 686 (9th Cir. 1991) (same). In the present case, plaintiff alleges that the plans in question cover employees engaged in routine commercial activities. Therefore, I reject Potawatomi's sovereign immunity argument.

Potawatomi also argues that plaintiff fails to state a claim for relief. I consider a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). I must dismiss a complaint or portion thereof for failure to state a claim if it appears beyond doubt that plaintiff cannot adduce any set of facts that would entitle her to relief consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson,

-2-

355 U.S. 41, 45-46 (1957)). I accept plaintiff's allegations as true and draw all reasonable inferences from them in her favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Plaintiff need not identify in her complaint the legal theories on which she intends to proceed. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In considering a Rule 12(b)(6) motion, I may consider copies of written instruments attached to the complaint and of documents submitted by a defendant if plaintiff refers to them in the complaint. Venture Assocs. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993).

Potawatomi first argues that I must dismiss plaintiff's claim against it because it was Kathleen Ramirez's employer and is not a plan. Although the appropriate defendant in a suit for benefits under ERISA is generally the plan, courts have allowed cases to proceed against employers in a number of situations including where the plaintiff alleges that the employer and the plan are closely intertwined. See Mein v. Carus Corp., 241 F.3d 581, 584-85 (7th Cir. 2001); see also Riordan v. Commw. Edison Co., 128 F.3d 549, 551 (7th Cir. 1997). A plan and an employer may be closely intertwined where, for example, factors exist demonstrating that the employer exhibits discretion in the plan's administration. In addition, where a plaintiff seeks equitable relief, ERISA does not limit the entities that are potentially liable. Harris Tr. & Sav. Bank v. Salomon Smith Barney, 530 U.S. 238, 246 (2000).

In the present case, plaintiff alleges that Potawatomi is closely intertwined with the plan,in that the plan refers to itself as the Potawatomi Bingo Casino Plan, designates Potawatomi as its agent for service of process, refers all questions regarding the plan to Potawatomi, grants Potawatomi the right to amend or cancel the plan at any time and gives Potawatomi considerable discretion regarding the payment of benefits. In addition, plaintiff seeks equitable relief as well as benefits under the plans. Thus, I conclude that it would be

-3-

premature to dismiss Potawatomi as a defendant at this stage of the proceedings and decline to do so.

Potawatomi also argues that I should dismiss plaintiff's state law negligence and breach of contract claims because ERISA preempts them. ERISA completely preempts state law claims relating to employee benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57 (1986). However, the term "complete preemption" is a misnomer because a statute to which it applies does not preempt state law claims so much as it occupies an entire field of law, see Lehman v. Brown, 230 F.3d 916, 919 (7th Cir. 2000), so that "it is impossible even to frame a claim under state law," Ceres Terminals, Inc. v. Indus. Comm'n of Ill., 53 F.3d 183, 185 (7th Cir. 1995). Thus, I agree with Potawatomi that plaintiff cannot proceed on its common law negligence and breach of contract claims, and I will dismiss those claims. However, because a plaintiff need not plead legal theories, to the extent that the allegations on which plaintiff bases her state law claims state claims under ERISA, plaintiff may proceed on them.

### III. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that Potawatomi's motion to dismiss is **DENIED IN PART AND GRANTED IN PART** as stated above.

**IT IS FURTHER ORDERED** that Standard Insurance Co.'s motion to dismiss is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 15 day of November, 2006

/s_____
LYNN ADELMAN
District Judge